■ SHELLEY STANDISH-PARKIN, Respondent, v LORILLARD TOBACCO COMPANY et al., Appellants, et al., Defendants. [786 NYS2d 13]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered June 17, 2004, which, to the extent appealed from,

denied defendants-appellants' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff seeks damages for the death of her decedent mother, who had started smoking cigarettes when she was a teenager or shortly thereafter, and quickly developed a 1½-pack-a-day addiction. After many years of smoking, decedent was diagnosed with lung cancer, to which she succumbed in 2000. Plaintiff alleges failure to warn of the addictive nature of smoking, fraud and deceit, negligent misrepresentation, negligent and defective design and production of cigarettes, and strict products liability. Following discovery, the motion court granted summary dismissal of certain causes of action directly advanced as against three of the cigarette manufacturing defendants on the ground that decedent had not smoked any brand produced by them. However, the court otherwise declined to dismiss the complaint. Appellants argue that claims for fraud, fraudulent concealment, negligent misrepresentation, failure to warn, negligent and defective design, and strict products liability should have been dismissed, as well as allegations of concerted action and conspiracy.

Plaintiff alleges, in her first cause of action for failure to warn prior to the effective date of the Public Health Cigarette Smoking Act of 1969 (15 USC § 1331 *et seq.*), that defendant manufacturers designed their cigarettes with a specification that they be addictive; that all the defendants knew or should have known before 1969 that cigarettes could be harmful to the user's health by causing cancer and other serious risks; and that the manufacturing defendants each had a duty to warn cigarette consumers that smoking would be addictive, could be harmful to health, and cause cancer or other serious illnesses. Plaintiff presented sufficient evidence to raise triable issues of fact as to the state of the public's common knowledge of the risks of cigarette smoking prior to 1969, and whether decedent had relied upon defendants' various allegedly fraudulent misrepresentations and concealments of the truth concerning the safety and health risks of cigarettes (*see Miele v American Tobacco Co.*, 2 AD3d 799, 802, 803 [2003]).

The second cause of action demands recovery for defendants' dissemination of false information concerning the perils of cigarette smoking and their failure to disclose information about its health risks, while the third claim for negligent misrepresentation alleges, in part, that defendants deceived smokers by manipulating the nicotine levels in cigarettes. In order to make out a prima facie case of fraud, the plaintiff must show that

there has been misrepresentation of material fact, falsity, scienter, reliance and injury (*cf. Small v Lorillard Tobacco Co.*, 94 NY2d 43, 56-57 [1999]). A fraud cause of action may be predicated on acts of concealment where the defendant had a duty to disclose material information (*see Kaufman v Cohen*, 307 AD2d 113, 119-120 [2003]). In that regard, the motion court appropriately found ample evidence in the record which, if accepted by a trier of the facts, would lead a reasonable person to conclude that defendants knowingly made false representations about the health risks posed by cigarette smoking while, at the same time, concealing many of its hazards, including the fact that low-tar, low-nicotine cigarettes were not any safer—and perhaps even more dangerous—than other cigarettes. "Misrepresentations of safety to the public at large, for the purpose of influencing the marketing of a product known to be defective, gives rise to a separate cause of action for fraud" (*City of New York v Lead Indus. Assn.*, 190 AD2d 173, 177 [1993]).

The fourth cause of action, for negligent and defective design, alleges that defendants did not properly conduct tests and research on cigarettes with regard to their intended use, ingestion, inhalation and consumption; that the design of the cigarettes was inherently defective, dangerous and addictive; and that smokers could not, in the exercise of reasonable care, have discovered the defective nature of the cigarette product. The fifth claim, for strict products liability, accuses defendants of having aided and abetted in the design, manufacture and distribution of a defective product which created an unreasonable risk to the health of those who used it for its intended purpose. Plaintiff has shown triable issues of fact with respect to defective and negligent design and strict products liability, sufficient to defeat summary dismissal (*see Miele v American Tobacco Co., supra*, 2 AD3d at 804-805).

In addition to suing defendants directly, plaintiff has also alleged theories of concerted action, conspiracy and aiding and abetting the tort of another. Notwithstanding defendants' contention that the underlying causes of action do not support claims for concerted action and conspiracy, plaintiff has presented sufficient evidence to raise an issue of fact about whether defendants joined in an agreement or common scheme to commit a tortious act, and whether such conduct led to decedent's continued use of cigarettes, resulting in her development of cancer (*see Miele v American Tobacco Co., supra*, 2 AD3d at 805; *cf. Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289 [1992]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.