**Barber v Loreal USA, Inc.**

2025 NY Slip Op 32015(U)

June 6, 2025

Supreme Court, New York County

Docket Number: Index No. 159701/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**        PART       **33M**

*Justice*

-------------------------------------------------------------------X

JANICE BARBER,

                  Plaintiff,

                - v -

LOREAL USA, INC.,LOREAL USA PRODUCTS, INC.,SOFT
SHEEN-CARSON, LLC,STRENGTH OF NATURE,
LLC,GODREJ SON HOLDINGS, INC.,NAMASTE
LABORATORIES, LLC D/B/A ORGANIC ROOT
STIMULATOR, BEAUTY BELL ENTERPRISE D/B/A
HOUSE OF CHEATHAM, INC. AND HOUSE OF
CHEATHAM LLC,HOUSE OF CHEATHAM, LLC,LUSTER
PRODUCTS, INC.,AFAM CONCEPT, INC. D/B/A JF LABS,
INC.

                Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159701/2024 |
| MOTION DATE | 03/10/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for             DISMISSAL             .

Upon the foregoing documents, and after a final submission date of April 1, 2025, Defendant Luster Products, Inc.'s ("Luster") motion to dismiss Plaintiff Janice Barber's ("Plaintiff") Complaint pursuant to CPLR 3211(a)(1), (a)(5), and (a)(7) is granted in part and denied in part.

## I.    Background

This action arises out of Plaintiff's alleged exposure to hair straightening products which allegedly caused endometrial cancer. From 1982 to 2019, Plaintiff alleges she used numerous hair relaxer products manufactured and sold by Defendants. In October of 2018, Plaintiff was diagnosed with Stage II, grade 1 endometroid endometrial adenocarcinoma. Plaintiff now sues Defendants under numerous theories of liability seeking to recover damages related to her uterine

159701/2024 BARBER, JANICE vs. LOREAL USA, INC. ET AL
Motion No. 003

Page 1 of 13

1 of 13

[* 1]

cancer diagnosis. Luster responds with the instant pre-answer motion to dismiss. Plaintiff opposes and requests leave to amend or supplement her Complaint should the Court find her Complaint deficient in any regard.[1]

## II.   Discussion

### A. Personal Jurisdiction

Luster's motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction is denied. A plaintiff bears the ultimate burden of proof on the issue of personal jurisdiction since they are the party seeking to assert it over a defendant. However, courts do not require the plaintiff to make a *prima facie* showing of personal jurisdiction, but only to demonstrate that facts "may exist" to exercise personal jurisdiction over the defendant (*see* CPLR 3211[d]; *American BankNote Corp. v. Daniele*, 45 AD3d 338, 340 [1st Dept 2007]). General jurisdiction over a corporate defendant may be exercised where the corporation is incorporated and maintains its principal place of business (*Aybar v Aybar*, 37 NY3d 274, 289 [2021]). General jurisdiction does not exist over Luster which is incorporated and maintains its principal place of business in Illinois. Therefore, the Court may only exercise personal jurisdiction over Luster if specific jurisdiction exists.

Pursuant to CPLR 302(a)(1), a New York Court may exercise personal jurisdiction over a nondomiciliary if the nondomiciliary has purposefully transacted business within the state and there is "a substantial relationship between the transaction and the claim asserted" (*Coast to Coast Energy, Inc. v Gasarch*, 149 AD3d 485 [1st Dept 2017] quoting *Paterno v Laser Spine Ins.*, 24 NY3d 370, 376 [2014]). A court must engage in a two-prong inquiry to determine (1) whether the defendant transacts any business in New York and, if so, (2) whether the cause of action arises

---

[1] Plaintiff did not formally cross-move for a motion to amend, therefore the Court need not entertain this relief (*see Fifth Partners LLC v Foley*, 227 AD3d 543 [1st Dept 2024]; *Onofre v 243 Riverside Drive Corp.*, 232 AD3d 443, 443-444 [1st Dept 2024]).

[* 2]

from such a business transaction (*Wilson v Danta*, 128 AD3d 176 [1st Dept 2015]). A plaintiff does not need to have been involved in the transaction; rather, a plaintiff need only demonstrate that, considering all the circumstances, there is an articulable nexus or substantial relationship between the business transaction and the claim asserted (*D & R global Selections, S.L. v Bodega Olegario Falcon Pineiro*, 29 NY3d 292, 298-299; *English v Avon Products, Inc.*, 206 AD3d 404 [1st Dept 2022]).

Plaintiff alleges that she has been a resident of the state of New York and used Luster products while she was in New York. She alleges she was ultimately injured by using Luster's products that were distributed and sold near Plaintiff's residence in Rochester, New York from 1982 through 2019 (*see* NYSCEF Doc. 1 at ¶¶ 19). This is sufficient to establish specific jurisdiction at the pleading stage, especially because Luster has failed to come forward with any affirmative evidence that it did not manufacture or design the allegedly dangerous products at the time of Plaintiff's use, nor have they established that they did not distribute any products in New York at the time of Plaintiff's alleged use.

## B. Preemption

Luster's motion to dismiss Plaintiff's fifth through fifteenth causes of action based on express preemption is denied. Defendants argue Plaintiff's claims are expressly preempted by the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §301. Express preemption applies only where the plain language of a statute supersedes state law (*Doomes v Best Transit Corp.*, 17 NY3d 594, 601 [2011]). As held by the United States Supreme Court, there is a presumption against pre-emption, and pre-emption clauses are to be narrowly construed (*Cipollone v Liggett Group, Inc.* 505 U.S. 504, 505 [1992]; *see also Galper v JP Morgan Chase Bank, N.A.*, 802 F3d 437, 448 [2d

159701/2024 BARBER, JANICE vs. LOREAL USA, INC. ET AL Page 3 of 13
Motion No. 003

3 of 13

Cir 2015]).  The specific language which Luster argues preempts many of Plaintiff's causes of action is found in 21 U.S.C. § 379s(a).

That provision provides:

"Except as provided in subsection (b), (d), or (e), no State or political subdivision of a State may establish or continue in effect any requirement for labeling or packaging of a cosmetic that is different from or in addition to, or that is otherwise not identical with, a requirement specifically applicable to a particular cosmetic or class of cosmetics under this chapter, the Poison Prevention Packaging Act of 1970 (15 U.S.C. 1471 et seq.), or the Fair Packaging and Labeling Act (15 U.S.C. 1451 et seq.)."

The exception to the preemption clause found at 21 U.S.C. § 379s(d) provides:

"Nothing in this section shall be construed to modify or otherwise affect any action or the liability of any person under the product liability law of any State."

A holistic review of Plaintiff's Complaint yields allegations that Defendants were negligent for failure to comply with the labelling requirements of 21 U.S.C. §§ 361, 362, and 21 C.F.R. § 740.1(a). Accepting Plaintiff's allegations as true, pursuant to § 361, titled "Adulterated cosmetics," Defendants' products should have been labelled and/or recalled as adulterated. That section specifically states a cosmetic is adulterated "[i]f it bears or contains any poisonous or deleterious substance which may render it injurious to users under the conditions of use prescribed in the labelling thereof, or under such conditions of use as are customary or usual...." (*see* 21 U.S.C. § 361[a]). Moreover, pursuant to 21 U.S.C. 362(a), a cosmetic is misbranded "[i]f its labelling is false or misleading in any particular." And pursuant to 21 C.F.R. § 740.1(a), "[t]he label of a cosmetic product shall bear a warning statement whenever necessary or appropriate to prevent a health hazard that may be associated with the product."

Luster's preemption argument is misguided in two respects. First, Plaintiff does not seek relief under state law causes of action that would impose a different or additional labeling requirement pursuant to the FDCA. Rather, Plaintiff is alleging state law causes of action based

on purported violations of the FDCA's labeling requirement. Specifically, it is alleged that Defendants' products were marketed as "organic," "natural," "nourishing," and "healthy" even though there was scientific data showing certain ingredients in Defendants' products disrupt women's endocrine systems (NYSCEF Doc. 1 at ¶ 48). These ingredients are alleged to include, but are not limited to, phthalates, parabens, cyclosiloxanes, di-(2-ethlhexyl), octamethylcyclotetrasiloxane, lye, and formaldehyde (*Id.*). Given the presumption against preemption and construing 21 U.S.C. § 379s(a) narrowly and in conjunction with other sections of the FDCA, the Court finds Plaintiff's fifth through fifteenth causes of action are not expressly preempted. Indeed, § 379s(a) does not expressly bar plaintiffs from using common law causes of action to seek damages based on a defendant's alleged failure to comply with the labeling requirements set forth in the FDCA.

Although Luster relies on the Second Circuit's decision in *Critcher v L'Oreal USA, Inc.*, 959 F.3d 31 (2d. Cir. 2020), the facts of that case are wholly distinguishable from the case at bar. Specifically, the putative class in *Critcher* sued because some purchased cosmetics could not be fully dispensed from cosmetics – causing purchased product to go to waste. The plaintiffs alleged they were "cheated" of the product they bought. They alleged there should have been a disclaimer that not all the cream bought was accessible to the consumer. *Critcher* was not a case involving alleged mislabeling based on the failure to warn about potentially cancer-causing ingredients. The Second Circuit specifically noted that the *Critcher* plaintiffs were not suing based on the effectiveness of the products, as Plaintiff does here. Moreover, the *Critcher* plaintiffs conceded that L'Oréal complied with the FDCA's federal labeling requirements, while here Plaintiff alleges those requirements have been violated. Thus, the Second Circuit's decision in *Critcher* is neither persuasive nor controlling.

159701/2024   BARBER, JANICE vs. LOREAL USA, INC. ET AL
Motion No.  003

Page 5 of 13

The second reason that Luster's preemption argument is misplaced is because it fails to consider that Plaintiff's causes of action five through fifteen may be categorized as product liability claims, or at the very least, are product liability adjacent, bringing them within the product liability exception contained in 21 U.S.C. § 379s(d). Indeed, it was for this reason that United States District Judge Mary M. Rowland, in ruling on defendants' joint motion to dismiss the plaintiffs' master complaint, found the numerous state law claims were not preempted (*see In re Hair Relaxer Marketing Sales Practices and Prods. Liab. Litig.*, 702 F.Supp.3d 692, 699-700 [ND Ill 2023]). Given the presumption against preemption, construing 21 U.S.C. § 379s(a) narrowly, and to ensure consistency in rulings, this Court adopts Judge Rowland's ruling in the ongoing multidistrict litigation. Therefore, the motion to dismiss based on an express preemption defense is denied.

### C. Failure to State a Claim

#### i. Failure to Warn (Second and Third Causes of Action)

Luster's motion to dismiss Plaintiff's failure to warn causes of action is denied. Luster argues the failure to warn claims fail because the Complaint does not identify the defect in Luster's products, nor does it allege Luster's knowledge of the defect. This argument is unavailing, as the Complaint lists the products used (*see* NYSCEF Doc. 1 at ¶¶ 94-96) and alleged the numerous allegedly dangerous ingredients used in Luster's products which Luster had a duty to research, test, and warn about (*Id.* at ¶¶ 99-129). Accepting the allegations as true, as this Court must on a pre-answer motion to dismiss, this is sufficient to state a failure to warn claim (*see, e.g. Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998] [manufacturers have "a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known."]). Although Luster argues that there is insufficient scientific evidence to allege that it knew or should have known about the dangers of certain ingredients, that is an argument appropriate for a motion

159701/2024  BARBER, JANICE vs. LOREAL USA, INC. ET AL
Motion No.  003

Page 6 of 13

for summary judgment, after further discovery has taken place and with competing expert affidavits, as opposed to a pre-answer motion to dismiss.

### ii.     Design and Manufacturing Defect (First and Fourth Causes of Action)

Luster's motion to dismiss Plaintiff's design defect claim is denied. As long held by the Court of Appeals, a design defect claim arises when a product is "unreasonably dangerous for its intended use" or "whose utility does not outweigh the danger inherent in its introduction into the stream of commerce." (*Voss v. Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]). Plaintiff explicitly alleges that Luster's hair relaxer products were unreasonably dangerous because they contained toxic ingredients which increase the risk of uterine cancer. Accepting the allegations as true, on a pre-answer motion to dismiss this is sufficient to state a design defect claim.

Luster's motion to dismiss Plaintiff's manufacturing defect claim is granted. As a preliminary matter, Plaintiff failed to proffer arguments in opposition to the motion to dismiss her manufacturing defect claim and therefore it can be dismissed as abandoned (*Saidin v Negron*, 136 AD3d 458, 459 [1st Dept 2016]). Indeed, the heading of both the first and fourth causes of action purport to be for "Design and/or Manufacturing Defect." However, a cause of action alleging design defect is distinct from a manufacturing defect claim, and a review of the allegations in the second and fourth causes of action clarify that Plaintiff is only alleging causes of action based on design defect. Indeed, to allege a manufacturing defect claim, there must be allegations that there was a mistake or error during the manufacturing process which made a product defective (*Narvaez v Wadsworth*, 58 Misc.3d 12229[A] at 7 [Sup. Ct., Bx Cty, 2018] citing *Fitzpatrick v Currie*, 52 AD3d 1089, 1090 [3d Dept 2008]). Here, there are no allegations that products Plaintiff used were defectively manufactured and caused her injury – rather she alleges that the products were designed defectively by utilizing dangerous ingredients and failing to warn consumers about the dangers of

[* 7]

those ingredients. Based on the lack of any particularized opposition and Plaintiff's failure to distinguish her design defect allegations from her manufacturing defect allegations, Plaintiff' manufacturing defect claims are dismissed.

### iii. Negligence and Gross Negligence (Fifth Cause of Action)

Luster's motion to dismiss Plaintiff's negligence and gross negligence claims is denied. Given the CPLR's lenient pleading standard, coupled with Plaintiff's detailed allegations in her 46-page Complaint, she has sufficiently alleged a negligence claim. Plaintiff has also alleged adequately a gross negligence claim, which requires allegations that a defendant's conduct "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." (*Colnaghi, U.S.A., Ltd. v. Jewelers Protection Servs., Ltd.*, 81 N.Y.2d 821, 823–24, [1993]). Accepting the allegations as true, marketing products as "healthy" and "protective" while utilizing ingredients that dangerously increase the risk of uterine cancer and failing to warn about the dangers of those ingredients despite alleged knowledge of those dangers is sufficient to allege gross negligence.

### iv. Negligence *Per Se* (Twelfth Cause of Action)

Luster's motion to dismiss Plaintiff's claims alleging negligence *per se* is denied. New York law holds defendants liable for negligence per se as to violations of the FDCA (*see Winans v Ornua Foods North America Inc.*, 731 F.Supp.3d 422, 431 [EDNY 2024]). Plaintiff's alleged violations of the FDCA based on misbranding and false or misleading labeling has long been held by the Second Circuit to give rise to a negligence *per se* claim (*see Ezagui v Dow Chemical Corp.*, 598 F2d 727, 733 [2d Cir. 1979]; *see also Sita v Danek Medical, Inc.*, 43 F.Supp.2d 245, 262 [EDNY 1999]). Thus, this portion of Luster's motion is denied.

159701/2024  BARBER, JANICE vs. LOREAL USA, INC. ET AL
Motion No. 003

Page 8 of 13

### v. Negligent Misrepresentation, Fraud, Fraudulent Concealment (Sixth through Eighth Causes of Action)

Luster's motion to dismiss Plaintiff's claims alleging negligent misrepresentation, fraud, and fraudulent concealment is denied. To state a negligent misrepresentation claim, a plaintiff must allege that the defendant was "under a duty to the plaintiff to exercise reasonable care in giving the information, and plaintiff's reliance on the information must be foreseeable." (*Heard v City of New York*, 82 NY2d 66 [1993]). Accepting the allegations as true, Plaintiff adequately alleged negligent misrepresentation by stating that Defendants knew or should have known their products were unsafe yet failed to disclose the dangers to Plaintiff, who relied on Defendants' omissions when she decided to purchase their products (*see also Standish-Parkin v Lorillard Tobacco Co.*, 12 AD3d 301, 302-303 [1st Dept 2004]).

The same analysis holds true for Plaintiff's fraud and fraudulent concealment claims (*see also Rose v American Tobacco Co.*, 3 Misc.3d 1103[A] at 2 [Sup. Ct. NY Co. 2004]). Contrary to Luster's assertion, CPLR 3016(b)'s heightened pleading standard is not meant to prevent an otherwise valid cause of action in situations where it may be 'impossible to detail the circumstances constituting a fraud'" (*Pludeman v Northern Leasing Systems, Inc.* 10 NY3d 486, 491 [2008] citing *Lanzi v Brooks*, 43 NY2d 778, 780 [1977]). Given Plaintiff's allegations and the procedural juncture, the Court denies Luster's motion to dismiss Plaintiff's causes of action alleging negligent misrepresentation, fraud and fraudulent concealment.

### vi. Breach of Express Warranty, Breach of Implied Warranty (Ninth and Tenth Causes of Action)

Luster's motion to dismiss Plaintiff's claims alleging breach of express and implied warranties is denied. Pursuant to New York Uniform Commercial Code §2-313(1)(a) "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and

159701/2024 BARBER, JANICE vs. LOREAL USA, INC. ET AL Page 9 of 13
Motion No. 003

9 of 13

becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Likewise, §2-313(1)(b) states that "any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Here, Plaintiff alleges she relied on warranties that Defendants' products were "safe, healthy, protective, and/or natural." (NYSCEF Doc. 1 at ¶ 238). Although New York Uniform Commercial Code § 2-313(2) states a manufacturer's mere opinion or commendation of the goods does not create a warranty, as this is a pre-answer motion to dismiss further discovery is needed to ascertain whether an express warranty existed and whether Plaintiff relied on the warranty.

Moreover, there may be a breach of the implied warranty of merchantability if goods are unsafe "when used in the customary, usual and reasonably foreseeable manner" (*Denny v Ford Motor Co.*, 87 NY2d 248, 258-259 [1995]). Here, Plaintiff alleges that she developed uterine cancer from using Defendants' hair relaxer products in their usual and customary manner. These allegations are sufficient (*see generally Colarossi v C.R. Bard, Inc.*, 113 AD3d 407, 408 [1st Dept 2014]). Thus, the motion to dismiss Plaintiff's causes of action alleging a breach of express warranty and breach of implied warranty is denied.

### vii. Unjust Enrichment (Thirteenth Cause of Action)

Luster's motion to dismiss Plaintiff's claim alleging unjust enrichment is granted. As reiterated by the Court of Appeals, an unjust enrichment claim is not available if it simply duplicates, or replaces, a conventional contract or tort claim (*Corsello v Verizon New York, Inc.*, 18 NY3d 777, 790 [2012]). Unjust enrichment is reserved for "unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." (*Id.*). This is not one of those

159701/2024  BARBER, JANICE vs. LOREAL USA, INC. ET AL
Motion No.  003

Page 10 of 13

10 of 13

cases. Nor has Plaintiff distinguished sufficiently her unjust enrichment claim from her other claims to survive dismissal. Therefore, this portion of the motion to dismiss is granted.

### viii.    Negligent Failure to Recall (Eleventh Cause of Action)

Luster's motion to dismiss Plaintiff's claims alleging negligent failure to recall is granted. Plaintiff concedes there is no independent cause of action for "negligent failure to recall" in New York, and in any event, the failure to recall is duplicative of the numerous other negligent causes of action Plaintiff alleges – including failure to warn, ordinary negligence, gross negligence, and negligence *per se*. Therefore, this cause of action is dismissed.

### ix.    Punitive Damages (Fourteenth Cause of Action)

Luster's motion to dismiss Plaintiff's claims alleging punitive damages is granted in part and denied in part. To the extent Luster argues punitive damages are not an independent cause of action this is correct and the fifteenth cause of action is dismissed (*Jean v Chinitz*, 163 AD3d 497 [1st Dept 2018]). However, to the extent Luster seeks to strike Plaintiff's demand for punitive damages in the wherefore clauses throughout her complaint, this portion of the motion is denied. At this pre-answer stage, without the benefit of any discovery, and accepting the allegations as true, the Court finds it premature to make any ruling dismissing the claim for punitive damages (*Wholey v Amgen, Inc.*, 165 AD3d 458, 459 [1st Dept 2018]; *Sclafani v Brother Jimmy's BBQ, Inc.*, 88 AD3d 515, 516 [1st Dept 2011]). Thus, Luster's motion to dismiss Plaintiff's fifteenth cause of action which purports to assert a claim for punitive damages is granted. However, Luster's request that the demand for punitive damages found throughout the wherefore clauses of Plaintiff's Complaint is denied.

159701/2024   BARBER, JANICE vs. LOREAL USA, INC. ET AL
Motion No.  003

Page 11 of 13

11 of 13

Accordingly, it is hereby,

ORDERED that Luster's motion to dismiss motion to dismiss Plaintiff's Complaint is granted in part and denied in part; and it is further

ORDERED that Luster's motion to dismiss is granted to the extent that Plaintiff's first and fourth causes of action are dismissed solely to the extent they purport to allege a claim for manufacturing defect; and it is further

ORDERED that Luster's motion to dismiss is granted to the extent that Plaintiff's thirteenth cause of action alleging unjust enrichment and eleventh cause of action alleging negligent failure to recall are hereby dismissed; and it is further

ORDERED that Luster's motion to dismiss is granted to the extent that Plaintiff's fourteenth cause of action alleging punitive damages is dismissed. However the motion is denied to the extent Defendant seeks dismissal of Plaintiff's demand for punitive damages in her numerous wherefore clauses; and it is further

ORDERED that the remainder of Luster's motion to dismiss pursuant to CPLR 3211(a)(7) is denied; and it is further

ORDERED that Luster's motion to dismiss based on lack of personal jurisdiction and federal preemption is denied, and it is further

ORDERED that within twenty days of entry, Luster shall serve its Answer to the surviving causes of action: the first through tenth causes of action, and the twelfth cause of action; and it is further

159701/2024   BARBER, JANICE vs. LOREAL USA, INC. ET AL
Motion No.  003

Page 12 of 13

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/6/2025 | | *My V Rosado JSC* |
|----------|--|-------------------|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159701/2024   BARBER, JANICE vs. LOREAL USA, INC. ET AL**                    Page 13 of 13
**Motion No.  003**

[* 13]                                          13 of 13