## Garcia v L'Oreal USA, Inc.

2025 NY Slip Op 34758(U)

December 9, 2025

Supreme Court, New York County

Docket Number: Index No. 159463/2025

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     <u>**HON. MARY V. ROSADO**</u>     PART     **33M**

*Justice*

------------------------------------------------------------------------X

MAYRA GARCIA,

Plaintiff,

- v -

L'OREAL USA, INC.,L'OREAL USA PRODUCTS, INC.,SOFT SHEEN-CARSON, LLC,STRENGTH OF NATURE, LLC,GODREJ SON HOLDINGS, INC.,LUSTER PRODUCTS COMPANY, NAMASTE LABORATORIES, LLC

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159463/2025 |
| MOTION DATE | 09/18/2025 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 35, 36, 37, 38, 39, 63, 64, 65, 66, 67, 68, 69, 70, 71, 79, 80, 81

were read on this motion to/for     DISMISS     .

Upon the foregoing documents, and after a final submission date of November 5, 2025, Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., and SoftSheen-Carson LLC's (collectively, "L'Oréal USA") motion to dismiss Plaintiff Mayra Garcia's ("Plaintiff") Complaint is denied.

## I.     Background

This action arises out of Plaintiff's alleged exposure to hair straightening products which allegedly caused endometrial cancer. From the 1970s through 2006, Plaintiff alleges she used numerous hair relaxer products manufactured and sold by Defendants. In or around September of 2022, Plaintiff was diagnosed with endometrial adenocarcinoma, and in March of 2023 underwent surgery for an incarcerated hernia allegedly due to complications from her cancer treatment. Plaintiff now sues Defendants under numerous theories of liability seeking to recover damages related to her uterine cancer diagnosis. L'Oréal responds with the instant pre-answer motion to

**159463/2025   GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL**
**Motion No. 007**

Page 1 of 9

[* 1]

dismiss. Plaintiff opposes and requests leave to amend or supplement her Complaint should the Court find her Complaint deficient in any regard.[1]

## II. Discussion

### A. Preemption

L'Oréal's motion to dismiss based on express preemption is denied. Defendants argue Plaintiff's claims are expressly preempted by the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §301. Express preemption applies only where the plain language of a statute supersedes state law (*Doomes v Best Transit Corp.*, 17 NY3d 594, 601 [2011]). As held by the United States Supreme Court, there is a presumption against pre-emption, and pre-emption clauses are to be narrowly construed (*Cipollone v Liggett Group, Inc.* 505 U.S. 504, 505 [1992]; *see also Galper v JP Morgan Chase Bank, N.A.*, 802 F3d 437, 448 [2d Cir 2015]). The specific language which L'Oréal argues preempts many of Plaintiff's causes of action is found in 21 U.S.C. § 379s(a).

That provision provides:

"Except as provided in subsection (b), (d), or (e), no State or political subdivision of a State may establish or continue in effect any requirement for labeling or packaging of a cosmetic that is different from or in addition to, or that is otherwise not identical with, a requirement specifically applicable to a particular cosmetic or class of cosmetics under this chapter, the Poison Prevention Packaging Act of 1970 (15 U.S.C. 1471 et seq.), or the Fair Packaging and Labeling Act (15 U.S.C. 1451 et seq.)."

The exception to the preemption clause found at 21 U.S.C. § 379s(d) provides:

"Nothing in this section shall be construed to modify or otherwise affect any action or the liability of any person under the product liability law of any State."

A holistic review of Plaintiff's Complaint yields allegations that Defendants were negligent for failure to comply with the labelling requirements of 21 U.S.C. §§ 361, 362, and 21 C.F.R. §

---

[1] Plaintiff did not formally cross-move for a motion to amend, therefore the Court need not entertain this relief (*see Fifth Partners LLC v Foley*, 227 AD3d 543 [1st Dept 2024]; *Onofre v 243 Riverside Drive Corp.*, 232 AD3d 443, 443-444 [1st Dept 2024]).

**159463/2025  GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL**
**Motion No. 007**

**Page 2 of 9**

740.1(a). Accepting Plaintiff's allegations as true, pursuant to § 361, titled "Adulterated cosmetics," Defendants' products should have been labelled and/or recalled as adulterated. That section specifically states a cosmetic is adulterated "[i]f it bears or contains any poisonous or deleterious substance which may render it injurious to users under the conditions of use prescribed in the labelling thereof, or under such conditions of use as are customary or usual...." (*see* 21 U.S.C. § 361[a]). Moreover, pursuant to 21 U.S.C. 362(a), a cosmetic is misbranded "[i]f its labelling is false or misleading in any particular (*sic*)." And pursuant to 21 C.F.R. § 740.1(a), "[t]he label of a cosmetic product shall bear a warning statement whenever necessary or appropriate to prevent a health hazard that may be associated with the product."

L'Oréal's preemption argument is misguided in two respects. First, Plaintiff does not seek relief under state law causes of action that would impose a different or additional labeling requirement pursuant to the FDCA. Rather, Plaintiff is alleging state law causes of action based on purported violations of the FDCA's labeling requirement. Specifically, it is alleged that Defendants' products were marketed and sold as "safe" and "natural" even though there was scientific data showing certain ingredients in Defendants' products disrupt women's endocrine systems (NYSCEF Doc. 1 at ¶¶ 81-82). These ingredients are alleged to include, but are not limited to, phthalates, parabens, cyclosiloxanes, di-(2-ethlhexyl), octamethylcyclotetrasiloxane, lye, and formaldehyde (*Id.* at ¶¶ 43-62). Given the presumption against preemption and construing 21 U.S.C. § 379s(a) narrowly and in conjunction with other sections of the FDCA, the Court finds Plaintiff's sixth through tenth causes of action and twelfth cause of action are not expressly preempted. Indeed, § 379s(a) does not expressly bar plaintiffs from using common law causes of action to seek damages based on a defendant's alleged failure to comply with the labeling requirements set forth in the FDCA.

159463/2025  GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL
Motion No. 007

Page 3 of 9

3 of 9

[* 3]

Although L'Oréal relies on the Second Circuit's decision in *Critcher v. L'Oreal USA, Inc.*, 959 F.3d 31 (2d. Cir. 2020), the facts of that case are wholly distinguishable from the case at bar. Specifically, the putative class in *Critcher* sued because some purchased cosmetics could not be fully dispensed from cosmetics containers – causing purchased product to go to waste. The plaintiffs alleged they were "cheated" of the product they bought. They alleged there should have been a disclaimer that not all the cream bought was accessible to the consumer. *Critcher* was not a case involving alleged mislabeling based on the failure to warn about potentially cancer-causing ingredients. The Second Circuit specifically noted that the *Critcher* plaintiffs were not suing based on the effectiveness of the products, as Plaintiff does here. Moreover, the *Critcher* plaintiffs conceded that L'Oréal complied with the FDCA's federal labeling requirements, while here Plaintiff alleges those requirements have been violated. Thus, the Second Circuit's decision in *Critcher* is neither persuasive nor controlling.

The second reason that L'Oréal's preemption argument is misplaced is because it fails to consider that Plaintiff's sixth through tenth causes of action and twelfth cause of action may be categorized as product liability claims, or at the very least, are product liability adjacent, bringing them within the product liability exception contained in 21 U.S.C. § 379s(d). Indeed, it was for this reason that United States District Judge Mary M. Rowland, in ruling on defendants' joint motion to dismiss the plaintiffs' master complaint, found the numerous state law claims were not preempted (*see In re Hair Relaxer Marketing Sales Practices and Prods. Liab. Litig.*, 702 F.Supp.3d 692, 699-700 [ND Ill 2023]). Given the presumption against preemption, construing 21 U.S.C. § 379s(a) narrowly, and to ensure consistency in rulings, this Court adopts Judge Rowland's ruling in the ongoing multidistrict litigation. Therefore, the motion to dismiss based on an express preemption defense is denied.

**159463/2025 GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL** **Page 4 of 9**
**Motion No. 007**

4 of 9

[* 4]

### B. Failure to State a Claim

#### i.     Design Defect (First and Fourth Causes of Action)

L'Oréal's motion to dismiss Plaintiff's design defect claims is denied. As long held by the Court of Appeals, a design defect claim arises when a product is "unreasonably dangerous for its intended use" or "whose utility does not outweigh the danger inherent in its introduction into the stream of commerce." (*Voss v. Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]). Plaintiff explicitly alleges that products designed and sold by L'Oréal were unreasonably dangerous because they contained toxic ingredients which increase the risk of uterine cancer. A feasible design can be inferred from the allegations – namely a design that did not include the allegedly toxic and cancer-causing ingredients. Moreover, Plaintiff alleges Defendants' knowledge that certain ingredients included in their products could cause cancer, and Plaintiff specifically identifies L'Oréal products that were allegedly designed defectively (NYSCEF Doc. 1 at ¶¶ 66-73) Accepting the allegations as true, on a pre-answer motion to dismiss this is sufficient to state a design defect claim. Whether the evidence ultimately leads to a valid design defect claim is an issue to be determined at trial or on summary judgment.

#### ii.     Failure to Warn (Second and Third Causes of Action)

L'Oréal's motion to dismiss Plaintiff's failure to warn causes of action is denied. L'Oréal argues the failure to warn claims fail because the Complaint does not sufficiently allege L'Oréal's knowledge that its products could increase the risk of cancer, and it argues Plaintiff failed to adequately allege proximate cause. This argument is unavailing, as the Complaint alleges the toxic ingredients which, purportedly, decades of studies have linked to gynecological cancer (*see* NYSCEF Doc. 1 at ¶¶ 24-62) and alleges L'Oréal's duty to research, test, and warn consumers of the risks associated with those ingredients. Accepting the allegations as true, as this Court must on

**159463/2025   GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL**
**Motion No. 007**
Page 5 of 9

5 of 9

a pre-answer motion to dismiss, this is sufficient to state a failure to warn claim (*see, e.g. Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998] [manufacturers have "a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known."]). Although L'Oréal argues that there is insufficient scientific evidence to allege that it knew or should have known about the dangers of certain ingredients, that is an argument appropriate for a motion for summary judgment, after further discovery has taken place and with competing expert affidavits, as opposed to a pre-answer motion to dismiss.

### iii. Negligence and Negligence *per se* (Fifth and Twelfth Causes of Action)

L'Oréal's motion to dismiss Plaintiff's negligence and gross negligence claims is denied. Given the CPLR's lenient pleading standard, coupled with Plaintiff's detailed allegations in the Complaint, she has sufficiently alleged a negligence claim. Plaintiff has also alleged adequately a gross negligence claim, which requires allegations that a defendant's conduct "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." (*Colnaghi, U.S.A., Ltd. v. Jewelers Protection Servs., Ltd.*, 81 N.Y.2d 821, 823–24, [1993]). Accepting the allegations as true, marketing and selling products as safe or natural while utilizing ingredients that dangerously increased the risk of uterine cancer and failing to warn about the dangers of those ingredients despite alleged knowledge of those dangers is sufficient, for purposes of a pre-answer motion to dismiss, to allege gross negligence. L'Oréal's argument that proximate cause is not sufficiently alleged is unavailing, and in any event, proximate cause is a fact ridden issue which is more properly litigated on a motion for summary judgment or at trial.

L'Oréal's motion to dismiss Plaintiff's claims alleging negligence *per se* is denied. New York law holds defendants liable for negligence per se as to violations of the FDCA (*see Winans v Ornua Foods North America Inc.*, 731 F.Supp.3d 422, 431 [EDNY 2024]). Plaintiff's alleged

**159463/2025  GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL**                    Page 6 of 9
**Motion No.  007**

6 of 9

[* 6]

violations of the FDCA based on misbranding and false or misleading labeling has long been held by the Second Circuit to give rise to a negligence *per se* claim (*see Ezagui v Dow Chemical Corp.*, 598 F2d 727, 733 [2d Cir. 1979]; *see also Sita v Danek Medical, Inc.*, 43 F.Supp.2d 245, 262 [EDNY 1999]).

### iv. Negligent Misrepresentation, Fraud, Fraudulent Concealment (Sixth through Eighth Causes of Action)

L'Oréal's motion to dismiss Plaintiff's claims alleging negligent misrepresentation, fraud, and fraudulent concealment is denied. To state a negligent misrepresentation claim, a plaintiff must allege that the defendant was "under a duty to the plaintiff to exercise reasonable care in giving the information, and plaintiff's reliance on the information must be foreseeable." (*Heard v City of New York*, 82 NY2d 66 [1993]). Accepting the allegations as true, Plaintiff adequately alleged negligent misrepresentation by stating that Defendants knew or should have known their products were unsafe yet failed to disclose the dangers to Plaintiff, who relied on Defendants' omissions when she decided to purchase their products (*see also Standish-Parkin v Lorillard Tobacco Co.*, 12 AD3d 301, 302-303 [1st Dept 2004]).

The same analysis holds true for Plaintiff's fraud and fraudulent concealment claims (*see also Rose v American Tobacco Co.*, 3 Misc.3d 1103[A] at 2 [Sup. Ct. NY Co. 2004]). Contrary to L'Oréal's assertion, CPLR 3016(b)'s heightened pleading standard is not meant to prevent an otherwise valid cause of action in situations where it may be 'impossible to detail the circumstances constituting a fraud'" (*Pludeman v Northern Leasing Systems, Inc.* 10 NY3d 486, 491 [2008] citing *Lanzi v Brooks*, 43 NY2d 778, 780 [1977]). Given Plaintiff's allegations and the procedural juncture, the Court denies L'Oréal's motion to dismiss Plaintiff's causes of action alleging negligent misrepresentation, fraud and fraudulent concealment.

**159463/2025 GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL** **Page 7 of 9**
**Motion No. 007**

7 of 9

> **v.** **Breach of Express or Implied Warranties (Ninth & Tenth Causes of Action)**

L'Oréal's motion to dismiss Plaintiff's claims alleging breach of express and implied warranties is denied. Pursuant to New York Uniform Commercial Code §2-313(1)(a) "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Likewise, §2-313(1)(b) states that "any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Here, Plaintiff alleges she relied on warranties that Defendants' products were "safe, healthy, protective, and/or natural." (NYSCEF Doc. 1 at ¶¶ 239-42). She also alleges Defendants' products were marketed as, amongst other things, safe for use, were "healthy" and "nourish[ing]", and created "strong" hair even though there was scientific data showing certain ingredients in Defendants' products disrupt women's endocrine systems (NYSCEF Doc. 1 at ¶¶ 66-73). As this is a pre-answer motion to dismiss, further discovery is needed to ascertain whether these allegations gave rise to an actual express warranty, whether those warranties existed on the products, and whether Plaintiff relied on the warranty.

Moreover, there may be a breach of the implied warranty of merchantability if goods are unsafe "when used in the customary, usual and reasonably foreseeable manner" (*Denny v Ford Motor Co.*, 87 NY2d 248, 258-259 [1995]). Here, Plaintiff alleges that she developed uterine cancer from using Defendants' hair relaxer products in their usual and customary manner. These allegations are sufficient (*see generally Colarossi v C.R. Bard, Inc.*, 113 AD3d 407, 408 [1st Dept 2014]). Thus, the motion to dismiss Plaintiff's causes of action alleging a breach of express warranty and breach of implied warranty is denied.

**159463/2025  GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL**
**Motion No.  007**
**Page 8 of 9**

8 of 9

[* 8]

The Court has considered the remainder of Defendant's contentions and finds them to be unavailing.

Accordingly, it is hereby,

ORDERED L'Oréal's motion to dismiss Plaintiff Mayra Garcia's Complaint is denied in its entirety, and within twenty days of entry, L'Oréal shall serve an Answer to Plaintiff's Complaint; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 12/9/2025 | | | May V Rosado JSC |
|-----------|--|--|------------------|
| DATE | | | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

159463/2025 GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL
Motion No. 007

Page 9 of 9

9 of 9