■ LAUREN SCLAFANI, Respondent, v BROTHER JIMMY'S BBQ, Inc., et al., Respondents, and BACARDI, USA, INC., et al., Appellants. [930 NYS2d 566]—

Plaintiff patron alleges that she was injured when, while at the bar at defendants-respondents' restaurant, the bartender, in a pyrotechnic display, poured Bacardi's high-alcohol content rum onto the surface of the bar and ignited it. At that point, the flame ignited into the bottle and the flaming contents shot out of the mouth of the bottle. As a result, plaintiff sustained severe burns.

The motion court properly concluded that under the circumstances plaintiff has viable claims for both negligence and strict liability based on defective design. Bacardi has submitted no evidence substantively contradicting the facts set forth in the complaint or in the affidavits of plaintiff's experts (*see generally Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see also Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d 29, 33-34 [2011]). Although Bacardi included warning labels on the bottle of Bacardi 151 and installed a removable flame arrester, it did so while actively promoting the very pyrotechnic uses that caused plaintiff's injuries.

The court also properly declined to dismiss plaintiff's request for punitive damages. Contrary to Bacardi's contention, punitive damages have been "sanctioned under New York law in actions based on negligence and strict liability" (*see Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 204 [1990] [citations omitted]).

We have considered Bacardi's remaining arguments, including the challenges to certain statements made by plaintiff's experts, and find them unavailing. Concur—Catterson, J.P., Richter, Manzanet-Daniels and Román, JJ.