**Deliotte v L'Oreal USA, Inc.**

2025 NY Slip Op 32773(U)

August 12, 2025

Supreme Court, New York County

Docket Number: Index No. 156144/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. MARY V. ROSADO</u>            PART           33M

*Justice*

--------------------------------------------------------------------X

NATHAN DELIOTTE, Individually and as Administrator of
the ESTATE OF GLORIA DELIOTTE, Deceased

                               Plaintiff,

- v -

L'OREAL USA, INC.,L'OREAL USA PRODUCTS,
INC.,SOFT SHEEN-CARSON, LLC,STRENGTH OF
NATURE, LLC,GODREJ SON HOLDINGS, INC.,LUSTER
PRODUCTS COMPANY, NAMASTE LABORATORIES, LLC
D/B/A ORGANIC ROOT STIMULATOR, BEAUTY BELL
ENTERPRISE D/B/A HOUSE OF CHEATHAM, INC. AND
HOUSE OF CHEATHAM LLC,HOUSE OF CHEATHAM,
LLC,BEAUTY KINGDOM USA CORP., BEAUTY PLUS
BEAUTY SUPPLY STORE INC.,WOW BEAUTY SUPPLY
INC.

                               Defendants.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156144/2024 |
| MOTION DATE | 05/06/2025 |
| MOTION SEQ. NO. | 021 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 021) 222, 223, 224, 225, 226, 227, 243, 244, 245, 246

were read on this motion to/for                        DISMISS           .

Upon the foregoing documents, and after a final submission date of June 3, 2025, Beauty

Bell Enterprises, LLC f/k/a House of Cheatham, Inc.'s ("Beauty Bell") motion to dismiss Plaintiff

Nathan Deliotte, Individually and as Administrator of the Estate of Gloria Deliotte's, ("Plaintiff")

Second Amended Complaint is granted in part and denied in part.

## I.    Background

Gloria Deliotte ("Decedent") frequently used hair relaxers allegedly produced,

manufactured, and sold by the numerous Defendants. These products allegedly caused her

uterine/endometrial cancer. Plaintiff alleges Defendants' products contained numerous endocrine-

disrupting chemicals which when applied to the scalp greatly increased the risk of developing

156144/2024   DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL
Motion No. 021

Page 1 of 13

gynecological cancer, and that Defendants failed to warn consumers about these chemical ingredients. Plaintiff sues Defendants for damages related to Decedent's cancer based on numerous theories of liability. Beauty Bell moves to dismiss Plaintiff's Complaint, and Plaintiff opposes.

## II.      Discussion

### A. Personal Jurisdiction

Beauty Bell's motion to dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction is denied. A plaintiff bears the ultimate burden of proof on the issue of personal jurisdiction since they are the party seeking to assert it over a defendant. However, courts do not require the plaintiff to make a *prima facie* showing of personal jurisdiction, but only to demonstrate that facts "may exist" to exercise personal jurisdiction over the defendant (*see* CPLR 3211[d]; *American BankNote Corp. v. Daniele*, 45 AD3d 338, 340 [1st Dept 2007]). General jurisdiction over a corporate defendant may be exercised where the corporation is incorporated and maintains its principal place of business (*Aybar v Aybar*, 37 NY3d 274, 289 [2021]).

Pursuant to CPLR 302(a)(1), a New York Court may exercise personal jurisdiction over a nondomiciliary if the nondomiciliary has purposefully transacted business within the state and there is "a substantial relationship between the transaction and the claim asserted" (*Coast to Coast Energy, Inc. v Gasarch*, 149 AD3d 485 [1st Dept 2017] quoting *Paterno v Laser Spine Ins.*, 24 NY3d 370, 376 [2014]). A court must engage in a two-prong inquiry to determine (1) whether the defendant transacts any business in New York and, if so, (2) whether the cause of action arises from such a business transaction (*Wilson v Danta*, 128 AD3d 176 [1st Dept 2015]). A plaintiff does not need to have been involved in the transaction; rather, a plaintiff need only demonstrate that, considering all the circumstances, there is an articulable nexus or substantial relationship between the business transaction and the claim asserted (*D & R global Selections, S.L. v Bodega*

[* 2]                                    2 of 13

*Olegario Falcon Pineiro*, 29 NY3d 292, 298-299; *English v Avon Products, Inc.*, 206 AD3d 404 [1st Dept 2022]).

Plaintiff alleges that Decedent was a resident of the State of New York and used Beauty Bell's House of Cheatham products while she was in New York. She alleges she was ultimately injured by using those products, specifically products from House of Cheatham's Africa's Best Originals Olive Oil Conditioning Relaxer, which was distributed and sold to stores located in Brooklyn, New York (*see* NYSCEF Doc. 104 at ¶ 103). This is sufficient to establish specific jurisdiction at the pleading stage, especially because Beauty Bell has failed to come forward with any affirmative evidence that it did not manufacture or design the allegedly dangerous products at the time of Plaintiff's use, nor has it established that it did not distribute any products in New York at the time of Plaintiff's alleged use.

## B. Preemption

Beauty Bell's motion to dismiss Plaintiff's fifth through fifteenth causes of action based on express preemption is denied. Defendants argue Plaintiff's claims are expressly preempted by the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §301. Express preemption applies only where the plain language of a statute supersedes state law (*Doomes v Best Transit Corp.*, 17 NY3d 594, 601 [2011]). As held by the United States Supreme Court, there is a presumption against pre-emption, and pre-emption clauses are to be narrowly construed (*Cipollone v Liggett Group, Inc.* 505 U.S. 504, 505 [1992]; *see also Galper v JP Morgan Chase Bank, N.A.*, 802 F3d 437, 448 [2d Cir 2015]). The specific language which Beauty argues preempts many of Plaintiff's causes of action is found in 21 U.S.C. § 379s(a).

That provision provides:

"Except as provided in subsection (b), (d), or (e), no State or political subdivision
of a State may establish or continue in effect any requirement for labeling or

**156144/2024 DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL**
**Motion No. 021**

**Page 3 of 13**

packaging of a cosmetic that is different from or in addition to, or that is otherwise not identical with, a requirement specifically applicable to a particular cosmetic or class of cosmetics under this chapter, the Poison Prevention Packaging Act of 1970 (15 U.S.C. 1471 et seq.), or the Fair Packaging and Labeling Act (15 U.S.C. 1451 et seq.)."

The exception to the preemption clause found at 21 U.S.C. § 379s(d) provides:

"Nothing in this section shall be construed to modify or otherwise affect any action or the liability of any person under the product liability law of any State."

A holistic review of Plaintiff's Second Amended Complaint yields allegations that Defendants were negligent for failure to comply with the labelling requirements of 21 U.S.C. §§ 361, 362, and 21 C.F.R. § 740.1(a). Accepting Plaintiff's allegations as true, pursuant to § 361, titled "Adulterated cosmetics," Defendants' products should have been labelled and/or recalled as adulterated. That section specifically states a cosmetic is adulterated "[i]f it bears or contains any poisonous or deleterious substance which may render it injurious to users under the conditions of use prescribed in the labelling thereof, or under such conditions of use as are customary or usual…." (see 21 U.S.C. § 361[a]). Moreover, pursuant to 21 U.S.C. 362(a), a cosmetic is misbranded "[i]f its labelling is false or misleading in any particular (sic)." And pursuant to 21 C.F.R. § 740.1(a), "[t]he label of a cosmetic product shall bear a warning statement whenever necessary or appropriate to prevent a health hazard that may be associated with the product."

Beauty Bell's preemption argument is misguided in two respects. First, Plaintiff does not seek relief under state law causes of action that would impose a different or additional labeling requirement pursuant to the FDCA. Rather, Plaintiff is alleging state law causes of action based on purported violations of the FDCA's labeling requirement. Specifically, it is alleged that Defendants' products were marketed and sold as "natural," "nourished," and "healthy" even though there was scientific data showing certain ingredients in Defendants' products disrupt women's endocrine systems (NYSCEF Doc. 104 at ¶¶ 91-93; 106-129). These ingredients are

alleged to include, but are not limited to, phthalates, parabens, cyclosiloxanes, di-(2-ethlhexyl), octamethylcyclotetrasiloxane, lye, and formaldehyde (*Id.* at ¶¶ 56-79). Given the presumption against preemption and construing 21 U.S.C. § 379s(a) narrowly and in conjunction with other sections of the FDCA, the Court finds Plaintiff's fifth through fifteenth causes of action are not expressly preempted. Indeed, § 379s(a) does not expressly bar plaintiffs from using common law causes of action to seek damages based on a defendant's alleged failure to comply with the labeling requirements set forth in the FDCA.

Although Beauty Bell relies on the Second Circuit's decision in *Critcher v. L'Oreal USA, Inc.*, 959 F.3d 31 (2d. Cir. 2020), the facts of that case are wholly distinguishable from the case at bar. Specifically, the putative class in *Critcher* sued because some purchased cosmetics could not be fully dispensed from cosmetics containers – causing purchased product to go to waste. The plaintiffs alleged they were "cheated" of the product they bought. They alleged there should have been a disclaimer that not all the cream bought was accessible to the consumer. *Critcher* was not a case involving alleged mislabeling based on the failure to warn about potentially cancer-causing ingredients. The Second Circuit specifically noted that the *Critcher* plaintiffs were not suing based on the effectiveness of the products, as Plaintiff does here. Moreover, the *Critcher* plaintiffs conceded that L'Oréal complied with the FDCA's federal labeling requirements, while here Plaintiff alleges those requirements have been violated. Thus, the Second Circuit's decision in *Critcher* is neither persuasive nor controlling.

The second reason that Beauty Bell's preemption argument is misplaced is because it fails to consider that Plaintiff's causes of action five through fifteen may be categorized as product liability claims, or at the very least, are product liability adjacent, bringing them within the product liability exception contained in 21 U.S.C. § 379s(d). Indeed, it was for this reason that United

156144/2024   DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL                Page 5 of 13
Motion No.  021

5 of 13

States District Judge Mary M. Rowland, in ruling on defendants' joint motion to dismiss the plaintiffs' master complaint, found the numerous state law claims were not preempted (*see In re Hair Relaxer Marketing Sales Practices and Prods. Liab. Litig.*, 702 F.Supp.3d 692, 699-700 [ND Ill 2023]). Given the presumption against preemption, construing 21 U.S.C. § 379s(a) narrowly, and to ensure consistency in rulings, this Court adopts Judge Rowland's ruling in the ongoing multidistrict litigation. Therefore, the motion to dismiss based on an express preemption defense is denied.

### C. Failure to State a Claim

#### i. Failure to Warn (Second and Third Causes of Action)

Beauty Bell's motion to dismiss Plaintiff's failure to warn causes of action is denied. Beauty Bell argues the failure to warn claims fail because the Second Amended Complaint does not identify the defect in Beauty Bell's products, nor does it allege Beauty Bell's knowledge of the defect. This argument is unavailing, as the Second Amended Complaint lists the products used (*see* NYSCEF Doc. 104 at ¶¶ 30-34) and alleged the numerous dangerous ingredients used in House of Cheatham's products of which House of Cheatham had a duty to research, test, and warn (*Id.* at ¶¶ 56-79). Accepting the allegations as true, as this Court must on a pre-answer motion to dismiss, this is sufficient to state a failure to warn claim (*see, e.g. Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998] [manufacturers have "a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known."]). Although Beauty Bell argues that there is insufficient scientific evidence to allege that it knew or should have known about the dangers of certain ingredients, that is an argument appropriate for a motion for summary judgment, after further discovery has taken place and with competing expert affidavits, as opposed to a pre-answer motion to dismiss.

### ii. Design and Manufacturing Defect (First and Fourth Causes of Action)

Beauty Bell's motion to dismiss Plaintiff's design defect claim is denied. As long held by the Court of Appeals, a design defect claim arises when a product is "unreasonably dangerous for its intended use" or "whose utility does not outweigh the danger inherent in its introduction into the stream of commerce." (*Voss v. Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]). Plaintiff explicitly alleges that products designed and sold by Beauty Bell were unreasonably dangerous because they contained toxic ingredients which increase the risk of uterine cancer. Accepting the allegations as true, on a pre-answer motion to dismiss this is sufficient to state a design defect claim.

Beauty Bell's motion to dismiss Plaintiff's manufacturing defect claim is granted. As a preliminary matter, Plaintiff failed to proffer arguments in opposition to the motion to dismiss his manufacturing defect claim and therefore it can be dismissed as abandoned (*Saidin v Negron*, 136 AD3d 458, 459 [1st Dept 2016]). Indeed, the headings of both the first and fourth causes of action purport to be "Design and/or Manufacturing Defect." However, a cause of action alleging design defect is distinct from a manufacturing defect claim, and a review of the allegations in the second and fourth causes of action clarify that Plaintiff is only alleging causes of action based on design defect. Indeed, to allege a manufacturing defect claim, there must be allegations that there was a mistake or error during the manufacturing process which made a product defective (*Narvaez v Wadsworth*, 58 Misc.3d 12229[A] at 7 [Sup. Ct., Bx County, 2018] citing *Fitzpatrick v Currie*, 52 AD3d 1089, 1090 [3d Dept 2008]). Here, there are no allegations that products used were defectively manufactured and caused Decedent's injury – rather it is alleged that the products were designed defectively by utilizing dangerous ingredients and failing to warn consumers about the dangers of those ingredients. Based on the lack of any particularized opposition and Plaintiff's

156144/2024   DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL                    Page 7 of 13
Motion No. 021

7 of 13

failure to distinguish the design defect allegations from the manufacturing defect allegations, Plaintiff' manufacturing defect claims are dismissed.

### iii. Negligence and Gross Negligence (Fifth Cause of Action)

Beauty Bell's motion to dismiss Plaintiff's negligence and gross negligence claims is denied. Given the CPLR's lenient pleading standard, coupled with Plaintiff's detailed allegations in the Second Amended Complaint, he has sufficiently alleged a negligence claim. Plaintiff has also alleged adequately a gross negligence claim, which requires allegations that a defendant's conduct "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." (*Colnaghi, U.S.A., Ltd. v. Jewelers Protection Servs., Ltd.*, 81 N.Y.2d 821, 823–24, [1993]). Accepting the allegations as true, marketing and selling products as "healthy" and "protective" while utilizing ingredients that dangerously increased the risk of uterine cancer and failing to warn about the dangers of those ingredients despite alleged knowledge of those dangers is sufficient, for purposes of a pre-answer motion to dismiss, to allege gross negligence.

### iv. Negligence *Per Se* (Twelfth Cause of Action)

Beauty Bell's motion to dismiss Plaintiff's claims alleging negligence *per se* is denied. New York law holds defendants liable for negligence per se as to violations of the FDCA (*see Winans v Ornua Foods North America Inc.*, 731 F.Supp.3d 422, 431 [EDNY 2024]). Plaintiff's alleged violations of the FDCA based on misbranding and false or misleading labeling has long been held by the Second Circuit to give rise to a negligence *per se* claim (*see Ezagui v Dow Chemical Corp.*, 598 F2d 727, 733 [2d Cir. 1979]; *see also Sita v Danek Medical, Inc.*, 43 F.Supp.2d 245, 262 [EDNY 1999]).

156144/2024  DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL
Motion No. 021

Page 8 of 13

8 of 13

### v.   Negligent Misrepresentation, Fraud, Fraudulent Concealment (Sixth through Eighth Causes of Action)

Beauty Bell's motion to dismiss Plaintiff's claims alleging negligent misrepresentation, fraud, and fraudulent concealment is denied. To state a negligent misrepresentation claim, a plaintiff must allege that the defendant was "under a duty to the plaintiff to exercise reasonable care in giving the information, and plaintiff's reliance on the information must be foreseeable." (*Heard v City of New York*, 82 NY2d 66 [1993]). Accepting the allegations as true, Plaintiff adequately alleged negligent misrepresentation by stating that Defendants knew or should have known their products were unsafe yet failed to disclose the dangers to Plaintiff, who relied on Defendants' omissions when she decided to purchase their products (*see also Standish-Parkin v Lorillard Tobacco Co.*, 12 AD3d 301, 302-303 [1st Dept 2004]).

The same analysis holds true for Plaintiff's fraud and fraudulent concealment claims (*see also Rose v American Tobacco Co.*, 3 Misc.3d 1103[A] at 2 [Sup. Ct. NY Co. 2004]). Contrary to Beauty Bell's assertion, CPLR 3016(b)'s heightened pleading standard is not meant to prevent an otherwise valid cause of action in situations where it may be 'impossible to detail the circumstances constituting a fraud'" (*Pludeman v Northern Leasing Systems, Inc.* 10 NY3d 486, 491 [2008] citing *Lanzi v Brooks*, 43 NY2d 778, 780 [1977]). Given Plaintiff's allegations and the procedural juncture, the Court denies Beauty Bell's motion to dismiss Plaintiff's causes of action alleging negligent misrepresentation, fraud and fraudulent concealment.

### vi.   Breach of Express Warranty and Implied Warranties (Ninth and Tenth Causes of  Action)

Beauty Bell's motion to dismiss Plaintiff's claims alleging breach of express and implied warranties is denied. Pursuant to New York Uniform Commercial Code §2-313(1)(a) "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and

156144/2024  DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL                    Page 9 of 13
Motion No. 021

9 of 13

becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Likewise, §2-313(1)(b) states that "any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Here, Plaintiff alleges Decedent relied on warranties that Defendants' products were "safe, healthy, protective, and/or natural." (NYSCEF Doc. 104 at ¶¶ 267-277). As this is a pre-answer motion to dismiss, further discovery is needed to ascertain whether an express warranty existed and whether decedent relied on the warranty.

Moreover, there may be a breach of the implied warranty of merchantability if goods are unsafe "when used in the customary, usual and reasonably foreseeable manner" (*Denny v Ford Motor Co.*, 87 NY2d 248, 258-259 [1995]). Here, Plaintiff alleges that the decedent developed uterine cancer from using Defendants' hair relaxer products in their usual and customary manner. These allegations are sufficient (*see generally Colarossi v C.R. Bard, Inc.*, 113 AD3d 407, 408 [1st Dept 2014]). Thus, the motion to dismiss Plaintiff's causes of action alleging a breach of express warranty and breach of implied warranty is denied.

### vii. Unjust Enrichment (Thirteenth Cause of Action)

Beauty Bell's motion to dismiss Plaintiff's claim alleging unjust enrichment is granted. As reiterated by the Court of Appeals, an unjust enrichment claim is not available if it simply duplicates, or replaces, a conventional contract or tort claim (*Corsello v Verizon New York, Inc.*, 18 NY3d 777, 790 [2012]). Unjust enrichment is reserved for "unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." (*Id.*). This is not one of those cases. Nor has Plaintiff distinguished sufficiently his unjust enrichment claim from her other claims to survive dismissal. Therefore, this portion of the motion to dismiss is granted.

### viii.   Negligent Failure to Recall (Eleventh Cause of Action)

Beauty Bell's motion to dismiss Plaintiff's claims alleging negligent failure to recall is granted. There is no independent cause of action for "negligent failure to recall" in New York, and in any event, the failure to recall is duplicative of the numerous other negligent causes of action Plaintiff alleges – including failure to warn, ordinary negligence, gross negligence, and negligence *per se*. Therefore, this cause of action is dismissed.

### ix.   Punitive Damages (Fourteenth Cause of Action)

Beauty Bell's motion to dismiss Plaintiff's claims alleging punitive damages is granted in part and denied in part. To the extent Beauty Bell argues punitive damages are not an independent cause of action this is correct, and the fifteenth cause of action is dismissed (*Jean v Chinitz*, 163 AD3d 497 [1st Dept 2018]). However, to the extent Beauty Bell seeks to strike Plaintiff's demand for punitive damages in the wherefore clauses throughout the Second Amended Complaint, this portion of the motion is denied. At this pre-answer stage, without the benefit of any discovery, and accepting the allegations as true, the Court finds it premature to make any ruling dismissing the claim for punitive damages (*Wholey v Amgen, Inc.*, 165 AD3d 458, 459 [1st Dept 2018]; *Sclafani v Brother Jimmy's BBQ, Inc.*, 88 AD3d 515, 516 [1st Dept 2011]). Thus, Beauty Bell's motion to dismiss Plaintiff's fifteenth cause of action which purports to assert a claim for punitive damages is granted. However, Beauty Bell's request that the demand for punitive damages found throughout the wherefore clauses of Plaintiff's Second Amended Complaint is denied.

### x.   Wrongful Death (Fifteenth Cause of Action)

Beauty Bell's motion to dismiss Plaintiff's wrongful death claim is denied. Although Beauty Bell is correct that wrongful death is a derivative claim, there are sufficient underlying

156144/2024   DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL
Motion No. 021
Page 11 of 13

11 of 13

claims which survive this motion to dismiss, thus there is no basis to dismiss the wrongful death claim.

Accordingly, it is hereby,

ORDERED that Beauty Bell's motion to dismiss motion to dismiss Plaintiff's Second Amended Complaint is granted in part and denied in part; and it is further

ORDERED that Beauty Bell's motion to dismiss is granted to the extent that Plaintiff's first and fourth causes of action are dismissed solely to the extent they purport to allege a claim for manufacturing defect; and it is further

ORDERED that Beauty Bell's motion to dismiss is granted to the extent that Plaintiff's thirteenth cause of action alleging unjust enrichment and eleventh cause of action alleging negligent failure to recall are hereby dismissed; and it is further

ORDERED that Beauty Bell's motion to dismiss is granted to the extent that Plaintiff's fourteenth cause of action alleging punitive damages is dismissed. However the motion is denied to the extent Defendant seeks dismissal of Plaintiff's demand for punitive damages in her numerous wherefore clauses; and it is further

ORDERED that the remainder of Beauty Bell's motion to dismiss pursuant to CPLR 3211(a)(7) is denied; and it is further

ORDERED that Beauty Bell's motion to dismiss based on lack of personal jurisdiction and federal preemption is denied, and it is further

ORDERED that within twenty days of entry, Beauty Bell shall serve its Answer to Plaintiff's Second Amended Complaint; and it is further

156144/2024   DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL          Page 12 of 13
Motion No. 021

12 of 13

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_____8/12/2025_____
DATE

*May V Rosd. JSC*
HON. MARY V. ROSADO, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| --- | --- | --- |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

156144/2024   DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL          Page 13 of 13
Motion No.  021

[* 13]                                              13 of 13