**Hernandez v Laundress, LLC**

2026 NY Slip Op 30731(U)

February 26, 2026

Supreme Court, New York County

Docket Number: Index No. 158697/2023

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DAKOTA D. RAMSEUR**                     PART                **34M**

*Justice*

--------------------------------------------------------------------X       INDEX NO.        158697/2023

SUZANNE HERNANDEZ, DANIEL HERNANDEZ            MOTION DATE      01/05/2024

Plaintiff,               MOTION SEQ. NO.      002

- v -

THE LAUNDRESS, LLC, THE LAUNDRESS LLC D/B/A THE
LAUNDRESS,                                                **DECISION + ORDER ON
MOTION**

Defendant.

--------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26,

32

were read on this motion to/for                          DISMISS                .

_____

On September 1, 2023, plaintiffs Suzanne Hernandez (hereinafter "Ms. Hernandez") and Daniel Hernandez commenced the instant personal injury and products liability action against defendants The Laundress, LLC and The Laundress LLC d/b/a The Laundress (collectively the "defendants"). In this motion sequence (002), defendants move to dismiss plaintiffs' amended verified complaint pursuant to CPLR 3211(a)(7). They argue, first, that plaintiffs have failed to adequately allege a causal connection between their product—Darks Detergent—and plaintiffs' injuries, which, if true, would be fatal to each of plaintiffs' causes of action; second, they argue that plaintiff's claims—for negligent defective design, breach of implied warranty of merchantability, and punitive damages—are each defectively pled for particularized reasons. Plaintiffs have interposed an opposition (NYSCEF doc. no. 24, <u>Plaintiffs' affidavit in opposition</u>). For the following reasons, the motion is denied in its entirety.

## BACKGROUND

In their amended complaint, plaintiffs allege that over a period of three years, between 2019 and 2022, Ms. Hernandez regularly purchased products by The Laundress, a company that offers, among other things, non-toxic and eco-friendly laundry cleaning products, including the Darks Detergent brand. (NYSCEF doc. no. 13 at ¶¶ 5, 7, <u>amended complaint</u>.) Plaintiffs further allege that in or around early May 2022, Ms. Hernandez used Darks Detergent (lot/UPC no. 85967500123, batch no. 2015) when machine-washing her laundry and hand-washing a cloth face mask, at which time the detergent came into contact with her eye. (*Id.* at ¶¶ 8, 9-11.) After this, on or about May 10, 2022, Ms. Hernandez began to suffer from issues with her right eye, for which she received treatment from an ophthalmologist. (*Id.* at ¶¶ 12-13.) Approximately two months later, on or about July 21, 2022, her ophthalmologist collected an eye culture from Ms.

[* 1]                                          1 of 5

Hernandez, which tested positive for the presence of *pseudomonas* bacteria. (*Id.* at ¶ 15). Ms. Hernandez underwent a dacryocystorhinostomy ("DCR") surgery to resolve the infection, which caused bruising, swelling, and facial scaring. (*Id.* at ¶¶ 17-18.)

On November 17, 2022, The Laundress posted a safety notice on its website, and two weeks later, on December 1, 2022, announced a voluntary recall of approximately eight million products that were or may have been contaminated with *pseudomonas*. (*Id.* at ¶19.) In their original complaint, plaintiffs alleged that the culture taken from Ms. Hernandez's eye was positive for the same bacteria found in The Laundress' Darks Detergent, i.e., that both were positive for *pseudomonas aeruginosa*, a specific species of the *pseudomonas* bacteria. (*See* NYSCEF doc. no. 1 at ¶ 25.) However, in their amended complaint, plaintiffs allege that the Darks Detergent and Ms. Hernandez's lab culture tested positive for *pseudomonas* (NYSCEF doc. no. 13 at ¶15), a genus of bacteria that includes 140 or more distinct species like *aeruginosa*. In other words, defendants argue that plaintiffs made their complaint more vague by removing specific reference to the *aeruginosa* species of the bacteria once they realized that the presence of *pseudomonas aeruginosa* was not detected in the Darks Detergent. (NYSCEF doc. no. 23 at 8, <u>defendants' memo of law</u>.) As such, in defendants' view, without pleading which specific species of *pseudomonas* caused her injuries, plaintiffs cannot plead proximate causation beyond mere speculation.

With respect to plaintiffs' product liability claims for design defect, manufacturing defect, and breach of the implied warranty of merchantability, they allege that the Darks Detergent was "not reasonably safe" for its intended use, given that the product's design allowed it to be contaminated with the *pseudomonas* bacteria and there are many "eco-friendly" non-toxic detergents that exist in the market. By contrast, defendants contend that plaintiffs have not sufficiently alleged facts from which one can infer that (1) the specific Darks Detergent batch she used actually contained the *pseudomonas* bacteria she was infected with, and (2) a safer alternative design was available and would have prevented her injuries. (NYSCEF doc. no. 23 at 10.)

## DISCUSSION

On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015].) The court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, its only function is to determine whether the facts as alleged fit within a cognizable legal theory. (*JF Capital Advisors*, 25 NY3d at 764; *Skill Games, LLC v Brody*, 1 AD3d 247, 250 [1st Dept 2003].) As such, "[t]he question is whether the complaint adequately allege[s] facts giving rise to a cause of action, 'not whether it properly labels or artfully states one.'" (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236 [2021] [internal citations omitted], *quoting Chanko v American Broadcasting Cos., Inc.*, 27 NY3d 46, 52 [2016].)

Whether Plaintiff has Adequately Pled Proximate Causation

Defendants maintain that, in failing to identify the species of *pseudomonas* present in Ms. Hernandez's eye culture and that in the Darks Detergent product, "there cannot be a plausible inference that The Laundress's product caused her infection" (NYSCEF doc. no. 23 at 9.) While defendants are correct that claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*see Godfrey v Spano*, 13 NY3d 358, 373 [2009]), plaintiffs have readily supplied sufficient facts from which one can conclude that Ms. Hernandez was exposed to the *pseudomonas* bacterial infection through defendants' products. For example, in her complaint, she (1) identifies the Darks Detergent lot and UPC number that she purchased, (2) avers that the day after the detergent made contact with her eye, she started experiencing symptoms in her eye, (3) explained that, after a period of two months, her ophthalmologist diagnosed her condition as a bacterial infection that would require surgery, and (4) alleges that defendants issued a recall of Darks Detergent, including of the product lot number that she had purchased. Under New York's lenient notice pleading standard (*see* CPLR 3013), plaintiffs have undoubtedly pled the proximate causation element in each of her causes of action with sufficient factual detail to give defendants notice of the claim.[1] Defendants cite to *Voss v Black & Decker Mfg., Co.* (59 NY2d 102, 110 [1983]) and *Becker v Shwartz* (46 NY2d 401, 410 [1978]) but neither suggest that the level of detail provided by plaintiff's complaint is insufficient to support the proximate cause element. The Court notes that defendants raise this same argument specifically in the context plaintiff's claim for breach of the implied warranty of merchantability under Uniform Commercial Code Section 2-314(1). For the same reasons described above, namely, that plaintiffs have indeed pled facts that support the inference that Darks Detergent was the source of Ms. Hernandez's bacterial infection, the Court finds this argument unavailing.

Plaintiff's Defective Design Claim

A defectively designed product is one which, "at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use." (*Voss*, 59 NY2d at 107; *Rose v. Brown & Williamson Tobacco Corp.*, 53 AD3d 80, 82 [1st Dept. 2008].) In turn, whether a product is "not reasonably safe" is judged by looking to whether the reasonable person, if they knew of the alleged design defect at the time of manufacture, would conclude that the utility of the product was outweighed by the risk inherent in marking a product designed in that manner. (*See Brown & Williamson*, 53 AD3d at 81.) In weighing the utility and risk of a product, factors to be considered, among others, the utility to the public as a whole, the likelihood of injury to the consumer, the availability of a safer design, and the price that would accompany the alternative design. (*Voss*, 59 NY2d at 109; *M.H. v Bed Bath & Beyond Inc.*, 156 AD3d 33, 36-37 [1st Dept 2017].) Here, defendants argue that dismissal is warranted as plaintiffs have not alleged that the Dark Detergents could have been designed differently before being put into the stream of commerce. This argument is

---

[1] Defendants acknowledge that, on this motion to dismiss, the question of whether the strain of *pseudomonas* bacteria present in her eye culture was different than the one detected in their product is immaterial. (*See* NYSCEF doc. no. 23 at 9.) Moreover, defendants did not produce any evidence that the strain to which plaintiff tested positive for was, in fact, different from that found in its Darks Detergents product. Defendants' assertion on this point is made through an attorney's affidavit, which holds no evidentiary value on this motion.

[1] The Court of Appeals has clarified that the standard applied in *Voss* applies both to strict liability and negligent defective design causes of action. (*Adams v Genie Industries, Inc.*, 14 NY3d 535, 543 [2010]).

unpersuasive. Plaintiff has adequately pled that Darks Detergent—as evidence by defendants' own recall due to a potential contamination—was "not reasonably safe." As plaintiffs argue, given the potential for contamination, they have adequately alleged that the risk of marketing Darks Detergent outweighs its utility as a common household product. This is especially true given the apparent widespread availability of alternative, eco-friendly detergents that do not pose a risk of bacterial contamination.

Plaintiff's Punitive Damages Claim

Punitive damages may be granted when the nature of a party's conduct displays a high degree of moral culpability which manifests as the conscious disregard of the rights of other or conduct that may constitute willful or wanton negligence or recklessness. (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 204 [ 1990].) Under New York law, punitive damages may be awarded where the plaintiff's theory of liability is premised on negligence or strict liability; however, "the injury must be shown to be emblematic of much more than an individually sustained wrong. It must be down to reflect pervasive and grave misconduct affecting the public generally to, in a sense, merge with a serious public grievance, and thus merit punitive, indeed quasi-criminal sanction by the State." (*Fabiano v Philip Morris Inc.*, 54 AD3d 146, 151 [1st Dept 2008] [internal citations omitted]; *see Sciafani v Brother Jimmy's BBQ, Inc.*, 88 AD3d 515, 567-568 [1st Dept 2011]). Here, the Court finds that plaintiffs have adequately pled this claim. They allege that defendants had exclusive knowledge that Darks Detergent, while marketed as "non-toxic" to the public, had been contaminated with the *pseudomonas* bacteria and that defendants delayed notifying customers of this defect. (NYSCEF doc. no. 13 at ¶ 22, 27.) To this point, they allege that defendants failed to notify customers— either when they first discovered the contamination and when they issued a recall—that it should have known purchased products from tainted or contaminated batch numbers, i.e., customers who directly bought products from their online website.

Loss of Consortium Claim

Since defendants are not entitled to dismissal of Ms. Hernandez's underlying claims, dismissal is also inappropriate as to Mr. Hernandez's derivative loss of consortium claim.

The court has considered all other arguments and finds them to be unavailing or without merit.

Accordingly, for the foregoing reasons, it is hereby,

ORDERED that defendants' motion to dismiss pursuant to CPLR 3211 (a)(7) is denied in its entirety; and it is further

ORDERED that counsel for plaintiffs shall serve a copy of this order, along with notice of entry, on all parties within twenty (20) days.

This constitutes the Decision and Order of the Court.

158697/2023   HERNANDEZ, SUZANNE ET AL vs. THE LAUNDRESS, LLC ET AL                Page 4 of 5
Motion No.  002

4 of 5

2/26/2026
_____
DATE

_____
DAKOTA D. RAMSEUR, J.S.C.

CHECK ONE:

☐ CASE DISPOSED     ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER     ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

158697/2023   HERNANDEZ, SUZANNE ET AL vs. THE LAUNDRESS, LLC ET AL
Motion No. 002

Page 5 of 5

5 of 5